NO. 07-06-0138-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 28, 2006
_____

LORI SUE HOLCOMB, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 33RD DISTRICT COURT OF BURNET COUNTY;

NO. 31515; HONORABLE D. MILLS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER ON ABATEMENT AND REMAND**

Appellant Lori Sue Holcomb appeals her conviction for the offense of burglary of a building and punishment of two years confinement in a State Jail facility suspended for five years.

The clerk's record has been filed, however, the reporter's record remains due in this cause. An extension of the applicable deadline was sought by the court reporter. The reporter, by letter dated April 24, 2006, represented to us that she has not been contacted by anyone to prepare a reporter's record in this case and she will not be filing a reporter's

record. By letter dated June 13, this Court notified appellant's appointed attorney, Timothy W. Inman, of the defect and requested proof of compliance with Rules 34.6(b)(1) and 35.3(b)(2)-(3) of the Texas Rules of Appellate Procedure.

Further, appellant's brief was due to be filed on August 4, 2006, but has yet to be filed. Appellant's attorney of record, Inman, was notified by letter dated August 11 that, unless a brief or motion was received by August 21, this court would abate the appeal to the trial court. A belated motion for extension of time to file appellant's brief was filed on August 24, 2006 by Inman stating that it was his belief that appellant had been appointed a different attorney by the 33rd Judicial District Court.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute the appeal;
2.    whether the trial court appointed counsel for appellant other than Inman, and whether that attorney has abandoned the appeal; and
3.    whether appellant has been denied effective assistance of counsel given the attorneys' failure to file a brief.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is

2

appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Thursday, September 28, 2006.

It is so ordered.

Per Curiam

Do not publish.